FOURTH DEPARTMENT, JULY, 1998

(July 8, 1998)

■ In the Matter of KISHOR PATEL-FREDONIA MOTEL, INC., Appellant, v TOWN OF POMFRET et al., Respondents. (Appeal No. 1.) [675 NYS2d 732] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced these consolidated proceedings pursuant to article 7 of the Real Property Tax Law challenging as excessive respondents' assessments of its property for the 1994 and 1995 tax years. At trial, petitioner presented evidence of the sale of the subject property in 1992, along with the appraisal of an expert utilizing the three traditional methods for determining market value: comparable sales, capitalization of income and reproduction cost less depreciation (*see, Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356, *rearg denied* 81 NY2d 784). Respondents also presented an expert's appraisal utilizing the same methods. Supreme Court did not adopt the valuation of either appraiser, but reduced the assessments in accordance with its own calculation of market value.

We reject petitioner's contention that the court erred in declining to make further reductions in the assessments (*see, Matter of 50 Overlook Assocs. v Finance Admin.*, 72 AD2d 131, 135). Although "a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" is ordinarily the best evidence of value (*Matter of Allied Corp. v Town of Camillus, supra,* at 356), the significant and unexplained disparity between the purchase price of the subject property and the prices of comparable properties in the area supports the court's determination that the 1992 sale of the subject property was abnormal (*see, Grant Co. v Srogi*, 52 NY2d 496, 511). The court's reliance on the comparable sales approach, indicating a value confirmed by the cost approach, was reasonable. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—RPTL.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.